ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

FEB 20 2008

James N. Hatten, Clerk
By: Deputy Clerk

RONNIE CARNEY, :
:
    Plaintiff, :
: CIVIL ACTION FILE
v. :
: 3:08-CV-019-JTC
NCO FINANCIAL SYSTEMS, INC. :
:
    Defendant. :
_____:

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and supplemental state law claims.

### SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. section 1692k(d) and 28 U.S.C. section 1337 (federal question jurisdiction).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367 to hear and decide any related State law issues.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff is a resident of this State, District and Division who is authorized by law to bring this action.

5. Defendant NCO FINANCIAL SYSTEMS, INC. is a corporation formed under the laws of the state of Pennsylvania. [Hereinafter said defendant is referred to as "NCO."]

6. NCO is authorized to transact business in the State of Georgia.

7. NCO is subject to the jurisdiction and venue of this Court.

8. NCO may be served by personal service upon its registered agent in the State of Georgia, to wit: C T Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361, or wherever said agent may be found.

9. Alternatively, NCO may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the several states.

## FACTS COMMON TO ALL CAUSES

10. NCO uses the mails in its business.

11. NCO uses telephone communications in its business.

12. The principle purpose of NCO's business is the collection of debts.

13. NCO regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

14. NCO is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

15. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, NCO communicated in a manner which violated the Federal Fair Debt Collection Practices Act.

16. The debt in issue was a consumer debt.

17. In or about November and December of 2007, NCO left a series of recorded voice messages for Plaintiff.

18. In some of the phone messages, NCO's callers did not state the company they worked for.

19. In some of the phone messages, NCO's callers did not state that the communications were from a debt collector.

20. In all of the phone messages, the caller did not state that the communications were an attempt to collect a debt.

21. In or about November of 2007, an agent of NCO made inappropriate contact with third parties regarding this debt.

22. Sometime between November 19 and November 23, 2007, NCO's agent, identified as Mr. Mitchell, called and spoke with Plaintiff's brother.

23. At and before the time of this third party contact, NCO was in possession of accurate location information for Plaintiff.

24. NCO had no legal justification for initiating any third party contact in this case since they were aware of Plaintiff's location information.

25. The third party contact served no legitimate purpose recognized by law.

26. The third party contact was solely for the purpose of harassment.

27. All third-party contact by NCO was illegal third-party contact under the Federal Fair Debt Collection Practices Act.

28. NCO's agent Mr. Mitchell revealed to Plaintiff's brother that the call pertained to the collection of a debt.

29. During the conversation with Dwayne Carney, Mr. Mitchell requested that Plaintiff's brother pass along a message to Plaintiff.

30. The message was that Plaintiff should call back to NCO's agent Mr. Mitchell or that Mr. Mitchell "would have to take further action," or words to that effect.

31. Plaintiff's brother conveyed the message to Plaintiff.

32. The communication of NCO's agent Mr. Mitchell to Plaintiff's brother regarding a debt was embarrassing for Plaintiff, caused Plaintiff distress and concern, and invaded Plaintiff's privacy.

33. Defendant's communications violate the Fair Debt Collection Practices Act.

34. Defendant's actions violate Georgia's Fair Business Practices Act.

35. Defendant's actions violate Georgia Tort law of invasion of Privacy.

36. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

37. The acts of the defendant constitute violations of the Fair Debt Collection Practices Act.

38. Defendant's violations of the FDCPA include, but are not limited to, the following:

39. Communicating directly with third parties in violation of 15 U.S.C. sections 1692c(b) and 1692b;

40. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

41. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. section 1692e;

42. The use of any false representation or deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10); and

43. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

44. As a result of the defendant's actions, Plaintiff is entitled to an award of statutory and actual damages, as well as an award of costs and attorney fees.

## COUNT TWO: GEORGIA FAIR BUSINESS PRACTICES ACT

45. The defendant's actions constitute violations of Georgia's Fair Business Practices Act.

46. The defendant's violations include, but are not limited to, the following:

47. The use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

48. As a result of the defendant's actions, Plaintiff is entitled to an award of 1) actual damages including but not limited to general damages; 2) treble damages; 3) exemplary damages; 4) costs; and 5) a reasonable attorney's fee.

## COUNT THREE: VIOLATION OF STATE TORT LAW

49. The acts described above constitute abusive collection, invasion of privacy and tortious infliction of emotional distress under State law.

50. As a result of defendant's actions, Plaintiff is entitled to relief including, but not limited to, 1) actual damages, including general damages for mental suffering, distress, embarrassment, worry and concern, 2) costs, 3) a reasonable attorney's fee, and 4) an award of punitive damages to penalize and punish defendant and to deter defendant from repeating such actions again in the future.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory, actual, treble, exemplary and punitive damages;

b) That plaintiff be awarded the costs of litigation including a reasonable attorney fee;

c) That the Court declare all defenses raised by defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

THE LAW OFFICE OF KRIS SKAAR, P.C.

by: _____
Kris Skaar
Attorney for Plaintiff
Georgia Bar No. 649610

P.O. Box 1478 ● Marietta, GA 30061-1478
331 Washington Avenue ● Marietta, GA  30060
voice (770) 427 - 5600 ● fax (770) 427 - 9414
krisskaar@aol.com